## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARK R. GACEK and PAMELA GACEK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 15-662-CG-M** |
| | ) | |
| **JENE OWENS, JUDGE GRADDICK, individually and in his official capacity, GARY FILLINGIM, ANTHONY HOFFMAN, GILBERT FONTENOT**, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the Defendants' responses (Docs. 32, 33, 34, 35) to this Court's Order awarding the Defendants attorneys' fees and expenses, Plaintiffs' objection to the requested fees and expenses (Doc. 36), and Defendant Owens' reply to Plaintiffs' objection (Doc. 39).  This Court, by Order dated August 31, 2016 (Doc. 31), imposed a sanction against Plaintiffs, in the form of attorneys' fees and expenses.  This Court found that Plaintiffs' Complaint was not only frivolous but was filed in bad faith and that sanctions were appropriate to deter repetition of the conduct and to compensate the Defendants. (Doc. 31, p. 10).  The Court ordered Defendants to file an accounting with supporting affidavits of any fees and expenses they incurred in defending this action and ordered Plaintiffs to file any response they had to the reasonableness of the fees and expenses submitted.

Generally, the determination of reasonable attorneys' fees begins with a determination of the reasonable hourly rate multiplied by the "hours reasonably expended." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). "The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." Id. (internal citations and quotation omitted). When making this "lodestar" determination, the Court may consider the twelve factors identified in Pharmacia Corp. v. McGowan, 915 So.2d 549, 552–53 (Ala. 2004).  These factors are:

> (1) [T]he nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Id. (quoting Van Schaack v. AmSouth Bank, N.A., 530 So. 2d 740, 749 (Ala. 1988)).

After the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the Court must next consider the necessity of an adjustment for results obtained.  If the party achieved an excellent result, then the Court should compensate for all hours reasonably expended. Popham v. City of Kennesaw, 820 F.2d 1570, 1578 (11th Cir. 1987).  If the party achieved limited success, then the Court may reduce the amount of fees that is reasonable in relation to the results obtained. Hensley v. Eckerhart, 461 U.S. 424, 436–37 (1983).  In doing so, the Court may attempt to identify specific hours spent in unsuccessful claims, or

2

it may simply reduce the award by some proportion. Id.

The party seeking fees has the burden of supplying the Court with sufficient evidence from which the Court can determine the reasonable hourly rate for the attorneys and staff who worked on the litigation. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  A reasonable hourly rate is often "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Garrett Investments, LLC v. SE Prop. Holdings, LLC, 956 F. Supp. 2d 1330, 1339 (S.D. Ala. 2013).  In that regard, "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." Norman, 836 F.2d at 1299 (citation omitted).  When reviewing attorneys' fees, the Court may rely upon its own "knowledge and experience" to form an "independent judgment" as to a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (citing Norman, 836 F.2d at 1303); see also Garrett Investments, LLC, 956 F. Supp. 2d at 1340-41 (compiling market rates for attorneys with varied amounts of experience).

The party seeking to recover fees also has the burden of establishing reasonable hours. Lee v. Krystal Co., 918 F. Supp. 2d 1261, 1266 (S.D. Ala. 2013). Reasonable hours are established through billing statements or invoices that state with sufficient particularity the nature of the work performed and by whom so the Court may determine the reasonableness of the time expended.  And if fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are

3

excessive, redundant, or otherwise unnecessary. <u>Norman</u>, 836 F.2d at 1301.

"Courts are not authorized to be generous with the money of others." <u>ACLU of Ga. v.</u>
<u>Barnes</u>, 168 F.3d 423, 428 (11th Cir. 1999).

Jeffrey R. Sport, as counsel for Defendant Jene Owens, filed a declaration
with supporting exhibits claiming attorney's fees in the amount of $22,695.00
consisting of 82.3 hours for litigating the case at a rate of $250 per hour and 10.6
hours for preparing and litigating the fee application at a rate of $200 per hour.
(Doc. 32). Mr. Sport also claims costs in the amount of $6.75 for an AlaCourt page
overage charge for researching attributed to this case and $17.98 for certified mail
service. (Doc. 32-1, p. 4). Mr. Sport later submitted a reply that included an
updated time summary showing an additional 5.9 hours spent preparing the reply
to Plaintiffs' objection to his fee application. (Doc. 39). William M. Cunningham,
Jr., as counsel for Defendant Gary W. Fillingim, Jr., filed a declaration with
supporting exhibits claiming attorney's fees in the amount of $6,780.00, consisting
of 22.6 hours at a rate of $300.00 per hour. (Doc. 33). Thomas H. Benton, Jr., as
counsel for Defendant Anthony Hoffman, filed an affidavit with an attached
accounting claiming attorney's fees totaling $4,159.50, consisting of 14.1 hours at a
rate of $295.00 per hour. (Doc. 34). Lastly, Richard Maples, Jr., as counsel for
Defendant Gilbert Fontenot, submitted affidavits and supporting documents
claiming attorney's fees in the amount of $11,675.00, consisting of 46.7 hours at a
rate of $250 per hour, plus expenses in the amount of $18.94, for a total request of
$11,693.94. (Doc. 35).

4

Plaintiffs object to the amount of hours expended by attorneys Sport and Maples as excessive and contends they should be more in line with attorneys Cunningham and Benton. Plaintiff also asserts that Sport's hourly rate should be reduced to $200 per hour. In the alternative, Plaintiff suggests the Court may choose to simply cut the fee awards by a percentage so that they are in line with the amounts claimed by Cunningham and Benton.

Attorney Sport has been practicing in Alabama for approximately 10 years and has been a solo practitioner since 2014. (Doc. 32, pp. 1-2). Mr. Sport submitted the affidavit of attorney David F. Daniel who opined that the legal services provided by Sport "were superior, involving substantial factual and legal issues in a rather novel area of law" and "the result obtained was superior, not only as to the outcome, but also with respect to the time frame within which this result was obtained." (Doc. 32-3, p. 3). Mr. Daniel is familiar with the fees charges for services by lawyers practicing in this area in similar matters in this federal forum and avers that the prevailing fee range for such non-contingent hourly work by attorneys of Mr. Sport's experience is between $225 and $325.00 per hour. (Doc. 32-3, p. 3). Mr. Daniel also avers that the hours incurred by Mr. Sport in defending the case "were necessary and reasonable in light of the legal and factual issues presented, the result obtained, and the compressed time frame within which the result was obtained." (Doc. 32-3, p. 3-4). The Court notes that Mr. Sport spent considerably more time defending Mr. Owens than the other counsel incurred in defending the other defendants. However, counsel for the other defendants had the advantage of being

5

able to simply follow Mr. Sport's lead and adopt his arguments in defense of their clients.  It was not necessary for the other attorneys to spend as much time on this matter because Owens and his counsel did most of the work for them.  As such it is not reasonable to compare the times spent by Sport to that of the other attorneys and expect them to be similar.  If Sport had not put the time and effort he did into this matter, the other attorneys would have either had to incur more hours in their defense or the defendants would not have obtained the swift favorable result that occurred.  The Court notes that the attorneys Plaintiffs want to compare Sport's work to (Mr. Benton and Mr. Cunningham) charged more per hour for the work they did.

Plaintiffs and Sport quibble over whether compensation is appropriate for "background research."  However, Mr. Sport makes clear that the research Plaintiffs object to was not for background research but to review the statutes and cases cited by Plaintiffs in their complaint and to review procedural rules and case law to support Owens' motions and responses to Plaintiff's motions.

Mr. Sport concedes that the time entry of .6 hour on March 11, 2016 was "largely procedural in nature," but states that the time was incurred by him because he did not have an assistant to perform the tasks.  Sport appears to admit that the hourly rate charged for that entry should be reduced and the Court agrees. Mr. Sport cites case law in which this Court previously found that an hourly rate of $120 for a paralegal with 11 years experience was reasonable. See Gulf Coast Asphalt Co. v. Chevron U.S.A., Inc., 2011 WL 612737, *4 S.D. Ala. Feb. 11, 2011).

6

Accordingly, the Court finds the .6 hours incurred on March 11, 2016 should be charged at a rate of $120 per hour.

After reviewing Mr. Sport's detailed accounting of the hours spent on this matter, the Court finds that the time charged was reasonable and necessarily incurred.  The Court also finds that the rate of $250 per hour charged by Mr. Sport for the majority of his time was reasonable considering the fees customarily charged for similar services by attorneys of his experience, the nature of the subject matter and the measure of success achieved.  A portion of the fees (10.6 hours for preparing and litigating the fee application and 5.9 hours associated with Sport's reply to Plaintiffs' objection to his fee application) was only charged at a rate of $200 per hour, the rate advocated by Plaintiff.  Additionally, as discussed above, the Court will reduce .6 of the hours charged by Sport to the rate of $120 per hour.  Thus, Mr. Sport's reasonable fees are the following:

| Hours | Rate | Amount |
|-------|------|--------|
| 81.7 | $250 | $20,425.00 |
| 10.6 | $200 | $2,120.00 |
| 5.9 | $200 | $1,180.00 |
| .6 | $120 | $72.00 |
| | | Total: $23,797.00 |

Mr. Sport also claims costs in the amount of $24.73, which has not been objected to.  The Court notes that the cost total includes $6.75 in AlaCourt page overage charge.  Although Pacer and AlaCourt charges are frequently not recoverable since parties to cases can view the documents in their cases without

incurring a charge attributed to that case, this case involved prior state court cases in which Mr. Sport did not appear as counsel. The Court notes that Mr. Sport did not include as a cost his regular subscription payment to AlaCourt, but only the overage charge attributed to litigation of this case. (Doc. 32-2, p. 1). As such, the Court finds it is appropriate to include the AlaCourt charge as a reasonable cost in this case.

Plaintiffs make only a general objection to the fees incurred by Maples, asserting that they are unreasonable in comparison to the fees charged by Mr. Cunningham and Mr. Benton. Mr. Maples has been practicing for 44 years and seeks to be reimbursed for 46.70 hours at a rate of $250 per hour. The Court finds Mr. Maples' hourly rate, which is less than that charged by Cunningham or Benton, is reasonable, given the fees customarily charged for similar services by attorneys of his experience. A review of Mr. Maples' time entries indicates that one of the main differences between the number of hours charged by Mr. Maples and the number charged by Cunningham and Benton is that Maples spent considerable time researching and preparing a Rule 11 motion. That motion was never filed, presumably because Plaintiff moved for voluntary dismissal without prejudice on February 16, 2016. (Doc. 21). The Court, after reviewing Mr. Maples' accounting finds that the times charged were reasonable. Accordingly, the Court will award Mr. Maples fees in the amount of $11,675.00.

Mr. Maples also seeks expenses in the amount of $18.94, for PACER charges and certified mail postage. As mentioned above with regard to Mr. Sport's

expenses, Pacer charges are usually not recoverable since parties to cases can view the documents in their cases without incurring a charge.  The parties received a "free look" at all filings in their case and Mr. Maples has offered no explanation why any PACER charges were necessarily incurred in this case. See Lee v. Krystal Co., 918 F. Supp. 2d 1261, 1275 (S.D. Ala. 2013) ("the PACER charge is not documented or explained in any meaningful way, and appears invalid given that litigants in this District Court get a "free look" at all filings in their case, with no PACER charges"). Accordingly, the amount requested for PACER usage, $3.60, will be disallowed.  The Court finds the charge of $15.34 for certified mail was reasonable.

As to the fees and expenses requested by Mr. Cunningham and Mr. Benton, the Court finds that the amounts submitted are reasonable and were necessarily incurred in litigating this case.  The affidavits submitted by Mr. Cunningham and Mr. Benton support their requested hourly rate and the number of hours they incurred in litigating this matter are reasonable.

The Court notes that the fees and expenses to be awarded in this case are considerable, given that there was no discovery conducted and there was no trial or hearings in this case.  The total amount to be awarded is $46,451.57.  The size of the award is due in part to the number of parties involved.  The Court found above that the amounts were reasonable, but also finds that the award is especially warranted in light of the Plaintiffs' history of litigation abuse.  As stated in the order finding sanctions appropriate, "[a] court must fashion a sanction that not only punishes the wrongdoer but also deters future misconduct." Belak v. American

Eagle, Inc.  2001 WL 253608, *5 -6  (S.D. Fla. March 12, 2001) (citing USX Corp. v. Tieco, Inc., 189 F.R.D. 674, 678 (M.D. Ala. 1999)).  The Court believes this award is necessary to both reimburse the Defendants and to deter any future litigation abuse by the Plaintiffs.

## CONCLUSION

For the reasons stated above as well as those stated in this Court's previous order of August 12, 2016 (Doc. 31), a **SANCTION is hereby imposed against Plaintiffs** as follows:

1. Defendant Jene Owens is awarded attorney's fees and expenses in the amount of **$23,821.73**;

2. Defendant Gary Fillingim is awarded attorney's fees and expenses in the amount of **$6,780.00**;

3. Defendant Gilbert Fontenot is awarded attorney's fees and expenses in the amount of **$11,690.34**; and

4. Defendant Anthony Hoffman is awarded attorney's fees and expenses in the amount of **$4,159.50**.

**DONE** and **ORDERED** this 13th day of October, 2016.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE